I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY Plaintiff
FIRST CLASS MAIL POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.
DATED: 12-13-13
DEPUTY CLERK



FILED-SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

DEC 13 2013

CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PHILIP C. BIKLE,                  ) Case No. SACV 13-1662-DOC (JPR)
                                  )
         Plaintiff,               )
                                  ) ORDER DISMISSING COMPLAINT WITH
    vs.                           ) PREJUDICE
                                  )
OFFICER A. SANTOS et al.,         )
                                  )
         Defendants.              )
                                  )

    This is Plaintiff's second civil rights lawsuit stemming from Los Angeles County Sheriff's Deputy A. Santos's issuance of a traffic citation to him. The Court dismissed the first such lawsuit on July 26, 2013, because it was frivolous and failed to state a claim against any of the named defendants. This one fares no better.

    Plaintiff filed this action pro se on October 23, 2013. Just as with the first lawsuit, he alleges violations of 42 U.S.C. §§ 1983 and 1985(3) and relies on the Fourth, Fifth, and 14th amendments to the U.S. Constitution; this time around, he has also raised claims based on the Ninth Amendment as well as state-law fraud. (See Compl. ¶¶ 6, 75-89, 90-95.) He names as

defendants Deputy Santos, LASD Deputy Cathy Hayes, the LASD, the County of Los Angeles, the City of Lakewood, and various Does. He seeks injunctive relief "to halt all systemic actions of denial of due process and the systematic and fraudulent violations of the public right to travel on the right-of-ways," compensatory damages, and punitive damages. (Id. at 28-29.)

Because Plaintiff paid the full filing fee and is not a prisoner, the Complaint is not subject to preservice screening under 28 U.S.C. §§ 1915(e)(2) or 1915A. See Brown v. California, No. EDCV 11-0707-SVW (MLG), 2011 WL 5827958, at *1 (C.D. Cal. May 18, 2011), accepted by 2011 WL 5828717 (C.D. Cal. Nov. 18, 2011). The Court may, however, sua sponte dismiss a frivolous, patently insubstantial complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). See Neitzke v. Williams, 490 U.S. 319, 327 n.6, 109 S. Ct. 1827, 1832 n.6, 104 L. Ed. 2d 338 (1989) (courts lack subject matter jurisdiction to consider "patently insubstantial" complaints); see also Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) ("A paid complaint that is obviously frivolous does not confer federal subject matter jurisdiction and may be dismissed sua sponte before service of process." (citation and internal quotation marks omitted)). A frivolous complaint "lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325.

## ALLEGATIONS OF THE COMPLAINT

On October 24, 2011, Plaintiff was involved in a traffic accident in the parking lot of the Hawaiian Gardens Casino. (Compl. ¶ 16.) Defendant Santos responded to the scene and proceeded to ask questions of Plaintiff and the other car's

driver. (Id. ¶ 20.) "At this point," Plaintiff "perceived [himself] to be under arrest and . . . not free to go." (Id. ¶ 21.) When Deputy Santos asked Plaintiff if he had a driver's license, Plaintiff responded that he did not because he "wasn't engaged in commerce transporting persons or property for hire, which invoked the statutory obligations of a license." (Id. ¶¶ 24-25.) Santos then copied the vehicle identification number off the inside of the driver's-side door of Plaintiff's truck. (Id. ¶ 29.) Santos gave Plaintiff a Notice to Appear because he did not have a driver's license, which Plaintiff signed "under duress" of being "taken into custodial arrest." (Id. ¶¶ 29, 37.)

> On December 15, 2011, Defendant Hayes utilized the USPS to mail a document titled, 'Notice of Correction and Proof of Service' to Plaintiff. Officer Hayes invoked the name of the People of the State of California on the Notice of Correction such that it appeared prosecution had been initiated against Plaintiff.

(Id. ¶ 42.) Plaintiff makes a similar allegation against Defendant Santos, adding that he is "not licensed to practice law." (Id. ¶¶ 41, 47.) Plaintiff alleges that the Doe Defendants were all "employed at the Los Angeles Sheriff's Department" and took part in mailing or filing the Notice to Appear. (Id. ¶¶ 9, 43-44.)

Plaintiff alleges that Deputy Santos violated his Fourth Amendment rights by "falsely arresting" Plaintiff without

probable cause, requiring him to provide a thumbprint,[1] searching the inside door panel of Petitioner's truck "for the VIN without probable cause," and using the VIN "to perform additional searches via computer databases." (Id. ¶¶ 59, 66.) Deputy Santos allegedly violated Plaintiff's Ninth Amendment rights as well by restricting his right to travel. (Id. ¶¶ 75-84.) Plaintiff alleges that both Santos and Hayes committed "mail fraud" "by sending a communication via USPS mail which conveyed to the Plaintiff that prosecution of criminal charges had been initiated against him by the People of the State of California." (Id. ¶¶ 90-95.) He further sues all the individual Defendants under the Fifth Amendment for all their actions, which allegedly deprived him of due process (id. ¶¶ 101-06), as well as under § 1985(3) for conspiracy "to defraud persons who happen to get caught up in any alleged traffic related matter" (id. ¶ 114).

Finally, Plaintiff claims that the entity Defendants fostered "long standing, pervasive pattern[s] of lawlessness" in their employees as a result of inadequate training and supervision. (Id. ¶¶ 70-74, 85-89, 96-100, 108-11.)

## DISCUSSION

Plaintiff's Complaint is frivolous and fails to state a claim upon which relief might be granted. All his claims stem from the underlying premise that because he does not use his vehicle for commercial purposes, he is not required to have a

---

[1] California Penal Code § 853.5(a) provides that if an arrestee for a traffic infraction does not have a driver's license "or other satisfactory evidence of identity in his or her possession," the officer may require the arrestee to place a thumbprint on the Notice to Appear.

driver's license. (See id. ¶¶ 60-62.) The Ninth Circuit has rejected as frivolous a nearly identical § 1983 claim. In <u>Ma'at-Ra v. Bateman</u>, 234 F. App'x 514 (9th Cir. 2007), the Ninth Circuit adopted the "reasons set forth by the magistrate judge in his November 9, 2005 report, adopted in full by the district court," for rejecting the plaintiff's claims. <u>Id.</u> at 514. The Magistrate Judge found that Ma'at-Ra's claims, which stemmed in part from his failure to provide a driver's license when asked by a police officer who stopped him for a traffic infraction, were "frivolous" and failed to state a claim upon which relief might be granted. <u>Ma'at-Ra v. Bateman</u>, No. 2:03-cv-02508-R-AN, Report & Recommendation at 4, 8, 15 (C.D. Cal. Nov. 10, 2005), ECF No. 103. Review of the briefing in <u>Ma'at-Ra</u> makes clear that Ma'at-Ra claimed, as does Plaintiff here, that he was not required to have a driver's license as long as he was not using the public highways "for profit or commercial purposes." Appellant's or Petitioner's Informal Brief ¶¶ 73, 75, <u>Ma'at-Ra</u>, 234 F. App'x 514 (No. 05-56921), 2006 WL 2982067. The Ninth Circuit upheld the Magistrate Judge's finding that the claim was frivolous. The California courts have rejected similar arguments. See <u>Olajide v. Cal. Dep't of Motor Vehicles</u>, No. A133375, 2012 WL 893879 (Cal. Ct. App. Mar. 16, 2012) (rejecting claim that Vehicle Code applies only to those "driving for the State of California or for any political subdivision thereof" or "for commercial purposes").

   Plaintiff's Complaint suffers from other critical deficiencies in addition to its fatally flawed underlying premise.

   He has not pleaded any facts to support a claim under

§ 1985(3). (See Compl. ¶ 114.) Section 1985(3) prohibits conspiracies to deprive "any person or class of persons" of equal protection under the laws, equal privileges and immunities under the laws, or the right to vote. To state a claim under § 1985(3), a plaintiff must allege "(1) that some racial, or perhaps otherwise class-based, invidiously discriminatory animus lay behind the conspirators' action, and (2) that the conspiracy aimed at interfering with rights that are protected against private, as well as official, encroachment." Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68, 113 S. Ct. 753, 758, 122 L. Ed. 2d 34 (1993) (citations, alteration, and internal quotation marks omitted). "[T]he plaintiff must state specific facts to support the existence of the claimed conspiracy." Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 929 (9th Cir. 2004) (internal quotation marks omitted).

To state a claim for conspiracy to violate his right to equal protection, Plaintiff must allege facts showing that he was intentionally treated differently from others similarly situated and that there was no rational basis for the difference in treatment. See Vill. of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S. Ct. 1073, 1074, 145 L. Ed. 2d 1060 (2000); see also Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998). Conclusory allegations will not suffice. See Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988) (affirming dismissal of § 1985(3) claim containing "legal conclusions but no specification of any facts to support the claim of conspiracy"). Plaintiff alleges no facts whatsoever to satisfy any of the above requirements.

Plaintiff's Fifth Amendment claims (see Compl. ¶¶ 101-11) fail because "[t]he Due Process Clause of the Fifth Amendment and the equal protection component thereof apply only to actions of the federal government – not to those of state or local governments." Lee v. City of L.A., 250 F.3d 668, 687 (9th Cir. 2001), overruled on other grounds as recognized by Galbraith v. Cnty. of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002). Plaintiff does not allege that any Defendant is a federal actor; indeed, they plainly are not.

Plaintiff's Ninth Amendment claims (see Compl. ¶¶ 75-84) fail because there is no fundamental constitutional right to drive a motor vehicle, see Miller v. Reed, 176 F.3d 1202, 1205-06 (9th Cir. 1999), and in any event the Ninth Amendment does not "independently secur[e] any constitutional rights for purposes of making out a constitutional violation," Schowengerdt v. United States, 944 F.2d 483, 490 (9th Cir. 1991); Preskar v. United States, 248 F.R.D. 576, 586 (E.D. Cal. 2008) (recommending dismissal of § 1983 claims predicated on Ninth Amendment), accepted by 2008 WL 802925 (E.D. Cal. Mar. 24, 2008).

Finally, because Plaintiff's federal claims all must be dismissed, his state-law tort claims (Compl. ¶¶ 90-95) must be dismissed as well. A court may exercise supplemental jurisdiction over a state-law claim if a plaintiff raises a cognizable federal claim that is substantial enough to confer federal jurisdiction and shares a common nucleus of operative fact with the state claim. Brady v. Brown, 51 F.3d 810, 816 (9th Cir. 1995); see 28 U.S.C. § 1367. If the federal claim is dismissed before trial, the state claim should be dismissed as

well. United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966). Here, because the Court dismisses all of Plaintiff's federal claims for failure to state a claim, his state-law tort claims must also be dismissed.

Because Plaintiff's Complaint is frivolous and its deficiencies clearly cannot be cured by amendment, the Court hereby ORDERS that the Complaint is dismissed with prejudice.

DATED: December 11, 2013

DAVID O. CARTER
U.S. DISTRICT JUDGE

Presented by:

**JEAN ROSENBLUTH**
Jean Rosenbluth
U.S. Magistrate Judge